EXHIBIT A
Complaint,
Return of Service
Order of Transfer

David W. Tufts (8736)
Matthew J. Orme (13323)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Ste. 2400
P O Box 4050
Salt Lake City, Utah 84110-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500
david.tufts@dentons.com
matt.orme@dentons.com

*Attorneys for Plaintiff*

> **This Complaint requires you to respond. Please see the Notice to Responding Party.**

## IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY
## STATE OF UTAH

| | |
|---|---|
| LUMIO HX, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN RODELA, an individual,<br><br>Defendant. | **COMPLAINT**<br><br>**TIER 3**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiff Lumio HX, Inc. ("Plaintiff" or "Lumio") hereby complains of defendant Ryan Rodela ("Defendant" or "Rodela"), and alleges as follows:

### PARTIES

1.     Lumio is a Delaware Corporation with its principal place of business in Lehi, Utah.  Lumio is a company that provides various services relating to residential solar throughout the United States.

2.     Rodela is an individual residing in Corpus Christi, Texas.

**JURISDICTION AND VENUE**

3.      The Court has subject matter jurisdiction over this matter pursuant to Utah Code

§§ 78A-5-102.

4.      Venue is proper in Utah County pursuant to Utah Code §§ 78B-3-304 and 307.

5.      The Court maintains personal jurisdiction over Rodela pursuant to Utah Code §

78B-3-205.

**GENERAL ALLEGATIONS**

6.      Zenith Solar, LLC ("Zenith"), before its assets were sold to Lumio, in December

2021, was a company that specialized in the sales and installation of residential solar materials

and equipment.

7.      On or about December 10, 2021, Lumio purchased substantially all of the assets

of Zenith, including any and all agreements between Zenith and Rodela.

8.      As a result of the Lumio-Zenith transaction, Lumio owns and is entitled to enforce

the agreements that were entered into between Zenith and Rodela.

9.      Rodela was a manager for Zenith and supervised dozens of direct sellers with

whom he developed a relationship by virtue of his position and relationship with Zenith.

10.     Rodela is a manager at Lumio and supervises dozens of direct sellers with whom

he developed a relationship by virtue of his position and relationship with Lumio.

11.     On or about July 15, 2020, Zenith and Rodela entered into a Non-Disclosure

Agreement (the "Zenith Non-Disclosure Agreement").

12.     The Zenith Non-Disclosure Agreement contains the following provisions:

       1.      All written and oral information and materials disclosed or provided by
       Zenith Solar LLC, to the Employee under this Agreement constitute Confidential

2

Information regardless of whether such information was provided before or after the date of this Agreement or how it was provided to the Employee.

…

3.    'Confidential Information' means all data and information relating to the business and management of Zenith Solar LLC, including but not limited to the following:

> a. 'Customer Information' which included names of customers of Zenith Security LLC, their representatives, all customers contact information, contracts and their contents and parties, customer service, data provided by customers and the type, quantity and specifications of products and services purchased, leased, licensed or received by customers of Zenith Solar LLC.

> b. 'Intellectual Property' which includes information relating to Zenith Solar LLC's proprietary rights prior to any public disclosure of such information, including but not limited to the nature of the proprietary rights, production data, technical and engineering data, technical concepts, test data and test result, simulation results, the status and details of research and development of products and services and information regarding acquiring, protecting, enforcing and licensing proprietary rights (including patents, copyrights, and trade secrets);

> c. 'Marketing and Development Information' which includes marketing and development plans of Zenith Solar LLC, price and cost data, price and fee amounts, pricing and billing policies, quoting procedures, marketing techniques and methods of obtaining business, forecasts and forecast assumptions and volumes, and future plans and potential strategies of Zenith Solar LLC which have been or are being discussed;

> d. 'Business Operations' which includes internal personnel and financial information of Zenith Solar LLC, vendor names and other vendor information (including vendor characteristics, services and agreements), purchasing and internal cost information, internal services and operational manuals, external business contacts including those stored on social media accounts or other similar platforms or databases operated by Zenith Solar LLC and the manner and methods of conducting Zenith Solar LLC's business;

> e. 'Product Information' which included all specifications for products of Zenith Solar LLC as well as work resulting from or related to work or projects performed or to be performed for Zenith Solar LLC or for clients

3

of Zenith Solar LLC, of any type or form in any stage of actual or anticipate research and development;

f. 'Production Processes' which includes processes in the creation, production and manufacturing of the work product of Zenith Solar LLC, including but not limited to, formulas, patterns, molds, models, methods, techniques, specifications, processes, procedures, equipment, devices, programs, and designs;

g. 'Service Information' which includes all data and information relating to the services provided by Zenith Solar LLC, including but not limited to, plans schedules, manpower, inspection, and training information;

h. 'Proprietary Computer Code' which includes all sets of statements, instructions or programs of Zenith Solar LLC, whether in human readable or machine readable form, that are expressed, fixed, embodies or stored in any manner and that can be used directly or indirectly in a computer ('Computer Programs'); any report format, design or drawing created or produce by such Computer Programs; and all documentation, design specifications and charts, and operating procedures which support the Computer Programs;

i. 'Computer Technology' which includes all scientific and technical information or material of Zenith Solar LLC, pertaining to any machine, appliance or process, including but not limited to, specifications, proposals, models, designs, formulas, test results and reports, analyses simulation results, tables of operating conditions, materials, components, industrial skills, operating and testing procedures, shop practices, know-how and show-how;

j. 'Accounting Information' which includes, without limitation, all financial statements, annual reports, balance sheets, company asset information, company liability information, revenue and expense reporting, profit and loss reporting, cash flow reporting, accounts receivable, accounts payable, inventory reporting, purchasing information, and payroll information of Zenith Solar LLC; and

k. Confidential Information will also include any information that has been disclosed by a third party to Zenith Solar LLC and is protected by a non-disclosure agreement entered into between the third party and Zenith Solar LLC.

…

4

5.      Except as otherwise provided in this Agreement, the Confidential Information will remain the exclusive property of Zenith Solar LLC and will only be used by Zenith Solar LLC for the Permitted Purpose. Zenith Solar LLC will not use the Confidential Information for any purpose that might be directly or indirectly detrimental to Zenith Solar LLC or any associated affiliates or subsidiaries.

…

10.      Any attempt on the part of the Employee to induce other to leave Zenith Solar LLC's employ, or any effort by the Employee to interfere with Zenith Solar LLC's relationship with their other employees and contractors would be harmful and damaging to Zenith Solar LLC. The Employee agree that from the date of this Agreement until May 8th, 2022, the Employee will not in any way, directly or indirectly;

          a. induce or attempt to induce any employee or contractor of Zenith Solar LLC to quit their employment or retainer with Zenith Solar LLC.

          b. otherwise interfere with or disrupt Zenith Solar LLC's relationship with their employees and contractors;

          c. discuss employment opportunities or provide information about competitive employment to any Zenith Solar LLC's employees or contractors; or

          d. solicit, entice, or hire away any employee or contractor of Zenith Solar LLC.

This obligation will be limited in scope of those persons that were employees or contractors of Zenith Solar LLC at the same time that the Employee was employed by Zenith Solar LLC.

11.      Other than through employment with a bona-fide independent party, or with the express written consent of Zenith Solar LLC, which will not be unreasonably withheld, Zenith Solar LLC will not, from the date of this Agreement until May 8th 2022, be directly or indirectly involved with a business which is in direct competition with the particular business line of Zenith Solar LLC that the Employee was working during any time in the last year of employment with Zenith Solar LLC.

12.      From the date of this Agreement until May 8th, 2022, the Employee will not divert or attempt to divert from Zenith Solar LLC any business Zenith Solar LLC had enjoyed, solicited, or attempted to solicit, from their customers, prior to termination or expiration, as the case may be, of the Employment.

5

…

17.     The Employee agrees and acknowledges that the Confidential Information is of a proprietary and confidential nature and that any disclosure of the Confidential Information to a third party in breach of this Agreement cannot be reasonably or adequately compensated for in money damage and would cause irreparable injury to Zenith Solar LLC. Accordingly, the Employee agrees that Zenith Solar LLC is entitled to, in addition to all other rights and remedies available to them at law or in equity, an injunction restraining the Employee, any of its personnel, and any agents of the Employee, from directly or indirectly committing or engaging in any act restricted by this Agreement in relation to the Confidential Information.

13.     On or about December 17, 2021, Lumio and Rodela entered into a Direct Seller Agreement, which contains an Exhibit entitled "Agreement Regarding Confidentiality, Non-Solicitation, and Assignment of Inventions" (the "Lumio Direct Seller Agreement").

14.     Section 2 of the Agreement Regarding Confidentiality, Non-Solicitation, and Assignment of Inventions prohibits the use or disclosure of Lumio's confidential information.

15.     The Agreement Regarding Confidentiality, Non-Solicitation, and Assignment of Inventions contains the following restrictive covenants:

4. RESTRICTIVE COVENANTS

(a)     Acknowledgement.  I understand that the nature of my position gives me access to and knowledge of Confidential Information and places me in a position of trust and confidence with the Company. I further understand and acknowledge that the Company's ability to reserve these for the exclusive knowledge and use of the Company is of great competitive importance and commercial value to the Company, and that my improper use or disclosure is likely to result in unfair or unlawful competitive activity.

(b) Definition of Restricted Period. For purposes of this Agreement "Restricted Period" means the period of one (1) year from the termination of my employment with the Company, regardless of the reason for the termination, whether voluntary or involuntary.

6

(c) Non-Solicitation Covenant. I understand and acknowledge that the Company has expended and continues to expend significant time and expense in recruiting and training its employees and that the loss of employees would cause significant and irreparable harm to the Company. I agree and covenant not to directly or indirectly solicit, hire, recruit, or attempt to solicit, hire, or recruit, any employee of the Company ("*Covered Employee*"), or induce the termination of employment of any Covered Employee, during the Restricted Period. This non-solicitation provision explicitly covers all forms of oral, written, or electronic communication, including, but not limited to, communications by email, regular mail, express mail, telephone, fax, instant message, and social media, including, but not limited to, Facebook, LinkedIn, Instagram, Twitter, TikTok, and any other social media platform, whether or not in existence at the time of entering into this Agreement.

(d) Non-Solicitation of Customers. I understand and acknowledge that because of my experience with and relationship to the Company, I will have access to and will learn and will continue to learn about much or all of the Company's Customer Information, including, but not limited to, Confidential Information. "*Customer Information*" includes, but is not limited to, names, phone numbers, addresses, email addresses, order history, order preferences, chain of command, pricing information, and other information identifying facts and circumstances specific to the customer and relevant to sales and services.

I understand and acknowledge that: (i) the Company's relationships with its customers is of great competitive value; (ii) the Company has invested and continues to invest substantial resources in developing and preserving its customer relationships and goodwill; and (iii) the loss of any such customer relationship or goodwill will cause significant and irreparable harm to the Company.

I agree and covenant, during the Restricted Period, not to directly or indirectly solicit, contact, or attempt to solicit or contact, using any other form of oral, written, or electronic communication, including, but not limited to, email, regular mail, express mail, telephone, fax, instant message, or social media, including but not limited to Facebook, LinkedIn, Instagram, Twitter, TikTok, or any other social media platform, whether or not in existence at the time of entering into this agreement, or meet with the Company's current or former customers for purposes of offering or accepting

7

goods or services similar to or competitive with those offered by the Company. However, it will not be deemed a violation of this Agreement if I merely update my LinkedIn profile without engaging in any other substantive communication, by social media or otherwise, that is prohibited by this non-solicitation provision.

5.      <u>Remedies</u>. I acknowledge that Company's Confidential Information and Company's ability to reserve it for the exclusive knowledge and use of Company is of great competitive importance and commercial value to Company, and that my improper use or disclosure of the Confidential Information will cause irreparable harm to Company, for which remedies at law will not be adequate. In the event I breach or threaten a breach of any of the provisions of this Agreement, I hereby consent and agree that Company shall be entitled to seek, in addition to other available remedies, a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages or that monetary damages would not afford an adequate remedy, and without the necessity of posting any bond or other security. The aforementioned equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages, or other available forms of relief.

16.     By virtue of the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement, including the Agreement Regarding Confidentiality, Non-Solicitation, and Assignment of Inventions, Rodela acknowledged and agreed that, by virtue of his position, he had access to certain confidential information and knowledge that were important and valuable to Lumio.

17.     As part of his employment with Zenith and Lumio, Defendant had access to financial information, documents, lists, databases, financial statements, contracts, agreements, personnel records, correspondence, plans, records, documents, materials and other information, all of which pertain to the business of the companies.

18.     Rodela's roles with Zenith and Lumio were special, unique, and provided extraordinary value to the companies.

8

19.     Because Rodela is a manager and has supervisory responsibilities, he has developed relationships with dozens of direct sellers that report to him.

20.     Lumio developed substantial goodwill through Rodela.

21.     If the provisions of the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement, including the covenants not to compete or solicit, are not enforced, Rodela will likely draw away direct sellers and customers from Lumio.

22.     The covenants not to solicit or compete were necessary at the time and continue to be necessary to protect the goodwill of Lumio.

23.     The respective temporal and geographic restrictions contained in the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement are reasonable considering the substantial investment in Rodela, his embodiment of goodwill, his special and unique skill set, his access to trade secrets and confidential business information and his likelihood to draw away direct sellers with a relationship to Lumio, and all other relevant facts and circumstances.

24.     The Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement were not negotiated in bad faith.

25.     Upon information and belief, Rodela has approached and solicited representatives and direct sellers affiliated with Lumio.

26.     Upon information and belief, Defendant has approached, among others, Rudolfo Herrera, Josue Rice Michael Santana and Joe Rangel to join him and Tyler Bradshaw in their efforts to compete against Lumio.

27.     Rodela has used his social media accounts to solicit and recruit direct sellers, including direct sellers affiliated with Lumio, to join him in competing against Lumio.

9

28.     Rodela recently posted the following message on one of his social media accounts:

> *Solar pros!! Tired of 2.3-2.6 red lines?*
>
> *Tired of other people losing control of your deal after install?*
>
> *Tired of not being heard and want to be able to have more of a say in your future?*
>
> *DM me for an opportunity!!*
>
> *4-8k weekly for part time!*
> *8-12k weekly for full time!*
>
> *Bring your team and get hired on as a manager with Exceptional pay!*
>
> *Let's get things done the right way!*

29.     Rodela had access to confidential information and trade secrets of Zenith and then Lumio.

30.     The above-referenced confidential information and trade secrets are not generally known to the public.

31.     Lumio's confidential information and trade secrets have economic value.

32.     Rodela informed Oscar Luna—Senior Vice-President of Sales of Lumio—that he had been approached by Tyler Bradshaw about providing sales and management services to a new company formed by a former direct seller of Zenith Solar (Tyler Bradshaw) named Nivo, LLC.

33.     Upon information and belief, Defendant has begun performing services for Tyler Bradshaw and/or Nivo, LLC.

10

34.    Rodela, together with Tyler Bradshaw and Nivo, LLC actively compete with Lumio by participating and competing in the area of solar sales.

35.    Upon information and belief, Rodela misappropriated and/or threatened to misappropriate Lumio's confidential information and trade secrets.

36.    Lumio has taken reasonable measures to keep its trade secrets and confidential information secret.

37.    The information and documents that make up Lumio's trade secrets derive independent economic value, actual or potential, from not being generally known to, and not be readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

38.    Lumio incorporates and reallege all allegations of the previous paragraphs of the Complaint as if fully set forth herein.

39.    Rodela entered into the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement.

40.    The Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement are valid, binding, and enforceable agreements.

41.    Lumio fully performed all its material obligations under the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement.

42.    Rodela materially breached the Zenith Non-Disclosure Agreement by competing against Lumio in violation of the non-competition provision.

43.    Rodela materially breached the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement by soliciting direct sellers affiliated with Zenith Solar and Lumio to join Tyler Bradshaw and Nivo in competition with Lumio.

44.    Rodela materially breached the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement by retaining and disclosing confidential and proprietary in formation belonging to Lumio.

45.    The above breaches have caused Lumio to suffer damages in an amount to be proven at trial.

<u>**SECOND CLAIM FOR RELIEF**</u>
(Breach of Implied Covenant of Good Faith and Fair Dealing)

46.    Lumio incorporates and realleges all allegations of the previous paragraphs of the Complaint as if fully set forth herein.

47.    Rodela materially breached the Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement by retaining and disclosing confidential and proprietary information belonging to Lumio.

48.     The Zenith Non-Disclosure Agreement and Lumio Direct Seller Agreement are valid and enforceable contracts that are each subject to the implied promise that a party to a contract will not intentionally or purposefully do anything to destroy or injure another party's right to receive the fruits of the contract.

49.    Rodela, by competing with Lumio, soliciting direct sellers affiliated with Lumio and/or disclosing confidential information belonging to Lumio, acted intentionally or purposefully in preventing Lumio from receiving the fruits of the aforementioned agreements.

50.    Rodela is liable for breach of the covenant of good faith and fair dealing.

12

51.     These breaches of the covenant of good faith and fair dealing have caused Lumio

to suffer damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(Misappropriation of Trade Secrets Pursuant to Utah Code § 13-24-1 *et seq.*)

52.     Lumio incorporates and realleges all allegations of the previous paragraphs of the

Complaint as if fully set forth herein.

53.     Rodela had access to confidential and proprietary information, including trade

secrets while employed at Zenith and Lumio.

54.     Rodela has a duty and obligation to Lumio under the law to keep such

confidential and proprietary information confidential and not to disclose or use it for the benefit

of unauthorized third-parties, including competitors such as Nivo.

55.     In working in the same field of competition as Lumio, Rodela will not be able to

keep confidential the confidential and proprietary information belonging to Lumio, including its

trade secrets, and he will inevitably use and disclose such information as he competes with

Lumio.

56.     Lumio derives substantial independent value from its confidential and proprietary

information, including its trade secrets, which information is not generally known, or readily

ascertainable through proper means, by others, who could obtain economic value from its use or

disclosure.

57.     Zenith, and later Lumio, has undertaken reasonable efforts to maintain the

confidentiality of its confidential and proprietary information, including trade secrets, by, among

other things, controlling and limiting the access to such information.

58.    Upon information and belief, Rodela, without express or implied consent from Lumio, by his conduct described above threatens to misappropriate Lumio's confidential and proprietary information, including its trade secrets, for his own benefit or for the benefit of Nivo.

59.    Upon information and belief, Rodela, without express or implied consent from Lumio, has by his conduct, acts or omissions, including the conduct described above, wrongfully misappropriated and/or will inevitably misappropriate, Lumio's confidential and proprietary information, including its trade secrets, for his own benefit or for the benefit of Nivo.

60.    Upon information and belief, Rodela's threatened misappropriation and any actual misappropriation of Rodela's confidential and proprietary information, including trade secrets, if not restrained and enjoined, will enable him to derive economic benefits and enrichment from such misappropriation, in violation of the Utah Trade Secrets Act, Utah Code § 13-24-1 *et seq.*

61.    As a result of the above-described threatened, actual/or inevitable misappropriation of Lumio's confidential and proprietary information, including trade secrets, Lumio has sustained and/or will sustain irreparable harm, and is entitled to injunctive relief in a manner to be determined in this matter which protects Lumio's trade secrets and confidential and proprietary information and damages in an amount to be determined at trial.

62.    Lumio is also entitled to an award against Rodela for its attorneys' fees and costs incurred herein, pursuant to the Utah Uniform Trade Secrets Act, Utah Code § 13-24-5.

<u>**FOURTH CLAIM FOR RELIEF**</u>
(Misappropriation of Trade Secrets Pursuant to the Federal Defend Trade Secrets Act –
18 U.S.C. 1836 et seq.)

63.    Lumio incorporates and realleges all allegations of the previous paragraphs of the Complaint as if fully set forth herein.

14

64.     Lumio derives substantial independent value from its confidential and proprietary information, including its trade secrets, which information is not generally known, or readily ascertainable through proper means, by others, who could obtain economic value from its use or disclosure.

65.     Zenith, and later Lumio, has undertaken reasonable efforts to maintain the confidentiality of its confidential and proprietary information, including trade secrets, by, among other things, controlling and limiting the access to such information.

66.     Upon information and belief, Rodela, without express or implied consent from Lumio, by his conduct described above threatens to misappropriate Lumio's confidential and proprietary information, including its trade secrets, for his own benefit or for the benefit of Nivo.

67.     Upon information and belief, Rodela, without express or implied consent from Lumio, has by his conduct, acts or omissions, including the conduct described above, wrongfully misappropriated and/or will inevitably misappropriate, Lumio's confidential and proprietary information, including its trade secrets, for his own benefit or for the benefit of Nivo.

68.     Upon information and belief, Rodela's threatened misappropriation and any actual misappropriation of Rodela's confidential and proprietary information, including trade secrets, if not restrained and enjoined, will enable him to derive economic benefits and enrichment from such misappropriation, in violation of the Utah Trade Secrets Act, Utah Code § 13-24-1 *et seq.*

69.     As a result of the above-described threatened, actual/or inevitable misappropriation of Lumio's confidential and proprietary information, including trade secrets, Lumio has sustained and/or will sustain irreparable harm, and is entitled to injunctive relief in a

15

manner to be determined in this matter which protects Lumio's trade secrets and confidential and proprietary information and damages in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
(Injunctive Relief)

70.    Lumio incorporates and realleges all allegations of the previous paragraphs of the Complaint as if fully set forth herein.

71.    Lumio is presently suffering or is threatened with immediate and irreparable harm by reason of Rodela's wrongful conduct as alleged herein.

72.    Lumio is being irreparably harmed and will continue to be irreparably harmed if Rodela is allowed to continue to violate his contractual covenants.

73.    Rodela is intimately familiar with Lumio's business and customers and, if not restrained and enjoined, the result will be the loss of Lumio's goodwill and the inevitable disclosure of Lumio's confidential and proprietary information, which harm cannot be accurately calculated.

74.    The threat of injury to Lumio far outweighs any damage that injunctive relief may cause to Rodela.

75.    Injunctive relief is not adverse to the public interest.

76.    There is a substantial likelihood that Lumio will prevail on the merits of the underlying claims, or this case presents serious issues on the merits which should be the subject of further litigation.

77.    Lumio is entitled to an order that temporarily restrains and preliminarily and permanently enjoins Rodela, along with his agents, servants, employees, and all those persons and entities in active concert or participation with him, as follows:

16

a.    Prohibiting Rodela from being employed by, or working for, Nivo or any other competitor of Lumio during the term described in the non-compete covenant;

b.    Requiring Rodela to immediately return to Lumio any and all confidential and proprietary information, including its trade secrets, in their respective possession, custody or control, whether such information is in hard copy or electronically stored, and prohibiting them him retaining any copy thereof, whether in hard copy, electronic format, or otherwise;

c.    Requiring Rodela to honor contractual commitments with Lumio and its predecessors, keep confidential Lumio's trade secrets, and to refrain from soliciting direct sellers affiliated with Lumio;

d.    Enjoining Rodela from using or disclosing or retaining any of Lumio's trade secret and confidential information;

e.    Such further injunctive relief as the Court deems just.

## ELECTION OF DISCOVERY TIER

Pursuant to Rule 8(a) of the Utah Rules of Civil Procedure, Plaintiffs states that its claims for relief involve a request for damages in excess of $300,000, and therefore qualify for Tier 3 discovery as defined in Rule 26(c)(3) of the Utah Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiffs prays for relief as follows:

1.    For judgment against Rodela on Lumio's claim for breach of contract, as prayed for in Lumio's first claim for relief above;

2.    For judgment against Rodela on Lumio's claim for breach of the implied covenant of good faith and fair dealing, as prayed for in Lumio's second claim for relief above;

17

3.      For judgment against Rodela on Lumio's claim for threatened and actual misappropriation of trade secrets, on Lumio's third claim for relief above;

4.      For damages and injunctive relief against Rodela on Lumio's fourth claim for relief above;

5.      For injunctive relief against Rodela on Lumio's fifth claim for relief above;

6.      For an award of Lumio's attorneys' fees; and

7.      For such other and further relief the Court deems just and equitable.

DATED:  February 2, 2022.

DENTONS DURHAM JONES PINEGAR, P.C.

BY:    */s/ David W. Tufts*
       DAVID W. TUFTS
       MATTHEW J. ORME

*ATTORNEYS FOR PLAINTIFF*

18

SLC_5755405

Bilingual Notice to Responding Party for Out-of-State Summons
(for compliance with URCP 4)

| | |
|---|---|
| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |
| **Deadline!**<br>Your Answer must be filed with the court and served on the other party **within 30 days** of the date you were served with this Summons.<br><br>If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story. | **¡Fecha límite para contestar!**<br>Su Respuesta debe ser presentada en el tribunal y también en la debida entrega formal a la otra parte **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio.<br><br>Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos. |
| **Read the complaint/petition**<br>The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully. | **Lea la demanda o petición**<br>La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente. |
| **Answer the complaint/petition**<br>You must file your Answer in writing with the court **within 30 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans<br><br>Scan QR code to visit page | **Cómo responder a la demanda o petición**<br>Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span<br><br>Para accesar esta página escanee el código QR |

Bilingual Notice to Responding Party for Out-of-State Summons
(for compliance with URCP 4)

| | |
|---|---|
| **Serve the Answer on the other party**<br>You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons. | **Entrega formal de la respuesta a la otra parte**<br>Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio. |
| **Finding help**<br>The court's Finding Legal Help web page (utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.<br> Scan QR code to visit page | **Cómo encontrar ayuda legal**<br>Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span)<br>Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.<br> Para accesar esta página escanee el código QR |

 An Arabic version of this document is available on the court's website:
نسخة عربية من هذه الوثيقة على موقع المحكمة على الإنترنت:ت وجد
utcourts.gov/arabic-out

A Simplified Chinese version of this document is available on the court's website:
本文件的简体中文版可在法院网站上找到：
utcourts.gov/chinese-out
 请扫描QR码访问网页

A Vietnamese version of this document is available on the court's website:
Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:
utcourts.gov/viet-out
 Xin vui lòng quét mã QR (Trả lời nhanh)để viếng trang

## CAUSE NO. 220400156

| | | |
|---|---|---|
| LUMIO KX, INC., A DELAWARE CORPORATION | § | IN THE FOURTH JUDICIAL |
| | § | |
| Plaintiffs, | § | |
| VS. | § | DISTRICT COURT OF UTAH |
| | § | COUNTY STATE OF UTAH |
| RYAN RODELA, AN INDIVIDUAL | § | |
| Defendant. | § | UTAH COUNTY, UTAH |

### RETURN OF SERVICE
### RYAN RODELA

"The following came to hand on **Feb 2, 2022, 5:51 pm**,

**SUMMONS, COMPLAINT,**

and was executed at **3310 Rodd Field #13203, Corpus Christi, Texas 78414** within the county of **NUECES** at **08:27 PM** on **Tue, Feb 15 2022**, by delivering a true copy to the within named

**RYAN RODELA**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Eric Enim**, my date of birth is **08/05/1986**, and my address is **4801 Everhart Rd #61000, Corpus Christi, TX 78411**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **NUECES** County, State of **TEXAS**, on **February 15, 2022**.

Eric Enim
Certification Number: PSC-4903
Certification Expiration: 04/30/2022

David W. Tufts (8736)
Matthew J. Orme (13323)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Ste. 2400
P O Box 4050
Salt Lake City, Utah 84110-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500
david.tufts@dentons.com
matt.orme@dentons.com

---

> **This Complaint requires you to respond. Please see the Notice to Responding Party.**

*Attorneys for Plaintiff*

### IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY
### STATE OF UTAH – SPANISH FORK

| | |
|---|---|
| LUMIO HX, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> RYAN RODELA, an individual, <br><br> Defendant. | **SUMMONS** <br><br> **TIER 3** <br><br> Civil No. 220300021 <br><br> Judge Jennifer A. Brown |

STATE OF UTAH TO DEFENDANT RYAN RODELA:

      RYAN RODELA
      4049 OGRADY DRIVE
      CORPUS CHRISTI, TEXAS  78413

      You are hereby summoned and required to file an Answer in writing to the attached

Complaint with the Clerk of the above Court located at 775 West Center Street, Spanish Fork,

Utah, 84660, and to serve upon or mail to David W. Tufts and Matthew J. Orme of Dentons

Durham Jones Pinegar P.C., attorneys for Plaintiff, at 111 South Main Street, Suite 2400, Salt

Lake City, Utah 84111, a copy of the Answer, **WITHIN THIRTY (30) DAYS** after service of this

Summons upon you.  If you fail to do so, judgment by default will be taken against you for the

relief demanded in the Complaint, which has been filed with the Court, a copy of which is

attached hereto and herewith served upon you.

       DATED:  February 3, 2022.

                              **DENTONS DURHAM JONES PINEGAR, P.C.**

                              BY:    */s/ David W. Tufts*

                                          DAVID W. TUFTS

                                          MATTHEW J. ORME

                              *ATTORNEYS FOR PLAINTIFFS*

SLC_5761633

Bilingual Notice to Responding Party for Out-of-State Summons
(for compliance with URCP 4)

| | |
|---|---|
| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |
| **Deadline!** Your Answer must be filed with the court and served on the other party **within 30 days** of the date you were served with this Summons. | **¡Fecha límite para contestar!** Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. |
| If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story. | Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos. |
| **Read the complaint/petition** The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully. | **Lea la demanda o petición** La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente. |
| **Answer the complaint/petition** You must file your Answer in writing with the court **within 30 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans<br><br>Scan QR code to visit page | **Cómo responder a la demanda o petición** Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span<br><br>Para accesar esta página escanee el código QR |

Bilingual Notice to Responding Party for Out-of-State Summons
(for compliance with URCP 4)

| | |
|---|---|
| **Serve the Answer on the other party**<br>You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons. | **Entrega formal de la respuesta a la otra parte**<br>Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio. |
| **Finding help**<br>The court's Finding Legal Help web page (utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.<br> Scan QR code to visit page | **Cómo encontrar ayuda legal**<br>Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span)<br>Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.<br>Para accesar esta página escanee el código QR |

| | |
|---|---|
|  ب ا لم سح ق م ل لزمز ال ضوؤ ي ال ص فحة لز ب ارة | An Arabic version of this document is available on the court's website:<br>نسخة عربية من هذه الوثيقة على موقع المحكمة على الإنترنت:ت وجد<br>utcourts.gov/arabic-out |

| | |
|---|---|
| A Simplified Chinese version of this document is available on the court's website:<br>本文件的简体中文版可在法院网站上找到：<br>utcourts.gov/chinese-out |  请扫描QR码访问网页 |

| | |
|---|---|
| A Vietnamese version of this document is available on the court's website:<br>Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:<br>utcourts.gov/viet-out |  Xin vui lòng quét mã QR (Trả lời nhanh)để viếng trang |

7016GEJ Approved January 22, 2018 /
Revised January 21, 2021

**Bilingual Notice to Responding Party for
Out-of-State Summons
(for compliance with URCP 4)**

Page 2 of 2

4TH DISTRICT COURT - PROVO

UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| LUMIO HX INC, | RULING |
| Plaintiff, | ORDER OF TRANSFER |
| | |
| vs. | Case No: 220400156 |
| RYAN RODELA, | Judge: JENNIFER A BROWN |
| Defendant. | Date: February 3, 2022 |

In accordance with a General Order of the Fourth District Court, effective immediately, this case is transferred to the Spanish Fork Department of the Fourth District Court located at 775 West Center Street, Spanish Fork, Utah, 84660. All future pleadings shall be filed with the Clerk of the Court at that location and should clearly be identified by case number 220300021. Communication with the Court regarding this file shall be made through the Clerk of the Court at the Spanish Fork Department at (801) 804-4800.

**End Of Order - Signature at the Top of the First Page**

## CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 220400156 by the method and on the date specified.

EMAIL: TUFTS DAVID DAVID.TUFTS@DENTONS.COM

EMAIL: ORME MATTHEW MATT.ORME@DENTONS.COM

02/03/22                    /s/ JENNIFER PECK

Date: _____    _____

Signature